UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENDRA BROWN, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSH STREET GAMING, LLC<br><br>Serve at:<br>CT Corporation System<br>28 Liberty St.<br>New York, NY 10005<br><br>and<br><br>CAPITAL REGION GAMING, LLC d/b/a RIVERS CASINO & RESORT SCHENECTADY<br><br>Serve at:<br>CT Corporation System<br>28 Liberty St.<br>New York, NY 10005<br><br>        Defendants. | **CIVIL COMPLAINT**<br><br>**Case No.** 1:22cv00392 (DNH/DJS)<br>       _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Kendra Brown ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Defendants Rush Street Gaming, LLC and Capital Region Gaming, LLC ("Defendants") and alleges as follows:

## INTRODUCTION

1.    Plaintiff and all other similarly situated workers were jointly employed by Defendants at Rivers Casino in Schenectady, New York.

2.      Pursuant to its casino-wide policies and procedures, Defendants failed to pay Plaintiff and other similarly situated employees the mandated overtime rate under both federal and New York law for all hours worked over 40 in a single workweek and failed to provide the requisite tip credit notice and wage statement information mandated by New York law.

3.      First, Defendants miscalculated its tipped employees' regular rate of pay for overtime purposes by paying 1.5 times the sub-minimum direct cash wage (as opposed to the full New York minimum wage), which resulted in Plaintiff and other similarly situated employees not being paid the overtime they were owed.  This practice violates the New York Labor Law ("NYLL"). *See* 12 N.Y.C.R.R. § 146–1.4 ("when an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half.").  And because overtime is not being paid at the lawful rate, it likewise violates the Fair Labor Standards Act, which requires overtime be paid at 1.5 times the "lawful" regular rate of pay. *See* 29 C.F.R. § 778.5 ("where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed.").

4.      Second, Defendants failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage and, as a result, Defendants were not permitted to claim a tip credit.  Plaintiff and all other sub-minimum wage employees at Rivers Casino are "service employees" and "food service workers" entitled to the protections of

the Hospitality Wage Order. 12 N.Y.C.R.R. § 146-1.3.  Defendants failed to provide Plaintiff and similarly situated workers the requisite written tip credit notice required by the Hospitality Wage Order. 12 N.Y.C.R.R. § 146-2.2

5.      Third, Defendants failed to comply with a provision of New York's Wage Theft Prevention Act ("WTPA") that requires employers to provide their employees, upon hiring, written notice of any tip allowances claimed against their minimum wage obligations. N.Y. Lab. Law § 195(1)(a).

6.      Fourth, Defendants failed to comply with a separate provision of the WTPA requiring employers to provide their employees a wage statement along with every paycheck stating the amount of any tip credit allowance claimed as part of their minimum wage obligations. N.Y. Lab. Law § 195(3).

7.      Defendants' systemic violations of federal and state wage laws were willful in nature and not the product of a good faith mistake.

8.      Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the FLSA, 29 U.S.C. § 216(b) to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) Rule 23 class action under the NYLL and WTPA.

**JURISDICTION AND VENUE**

9.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Subject matter jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.     Subject matter jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.  Specifically, Plaintiff's FLSA claim for unpaid overtime due to the miscalculated regular rate of pay is intertwined with the requirement under the NYLL that the amount of the tip credit be included in the regular rate of pay.  Plaintiff also asserts a related unpaid overtime claim under the NYLL.  Moreover, Plaintiff's claims under the Hospitality Wage Order and WTPA all relate to the same employment relationships as the FLSA claim.  It is not efficient to piecemeal litigate the Plaintiff's FLSA collective claims in federal court and simultaneously litigate related NYLL, Hospitality Wage Order, WTPA class claims in state court for the same set of class and collective members against the same two Defendants.

11.     The Court likewise possesses subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiff seeks class action certification in which at least one member of the class is a citizen of a state different from one of the Defendants, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members. Plaintiff is a citizen of New York, and pursuant to 28 U.S.C. § 1332(d)(10), Defendant Rush Street Gaming, LLC is organized under the laws of Delaware with its principal place of business in Chicago, Illinois.  Likewise, Defendant Capital Region Gaming, LLC is organized under the laws of Delaware with its principal place of business at the same address as Defendant Rush Street Gaming, LLC in Chicago, Illinois.

12.     This Court has personal jurisdiction over Defendants in this case because the claims of Plaintiff and all others similarly situated arise from the acts and omissions of Defendants at and with respect to the casino they own and operate located within the state of New York, and

Defendants have purposefully availed themselves of the privilege of conducting business within the state of New York.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

14.     Plaintiff is a resident of Selkirk, New York.  From approximately April 2017 through December 2019, Plaintiff was employed by Defendants at their casino property located at 1 Rush Street, Schenectady, New York 12305.  During her employment, Plaintiff has worked as a cocktail server, which is a tipped, hourly, non-exempt position.  Plaintiff's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A.**

15.     Defendant Rush Street Gaming, LLC is a limited liability company organized under the laws of Delaware and having its principal place of business in Illinois.  Defendant Rush Street Gaming, LLC is registered to do business and does conduct business in New York.

16.     Defendant Capital Region Gaming, LLC, doing business as Rivers Casino & Resort Schenectady, is a limited liability company organized under the laws of Delaware and having its principal place of business in Illinois.  Defendant Capital Region Gaming, LLC is registered to do business and does conduct business in New York.

17.     Defendants, which are subject to common ownership, own and operate Rivers Casino in Schenectady jointly and in combination.

18.     At all relevant times, both Defendants are or have been enterprises engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C.

§ 203(s)(1), and, upon information and belief, each have an annual gross volume of sales made or business done of not less than $500,000.

19.     At all relevant times, Defendants were the employer of Plaintiff, and all other similarly situated employees.

20.     At all times relevant to this action, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

21.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendants within the respective limitations periods.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Unpaid Overtime Resulting from a Miscalculated Regular Rate for Tip Credit Employees

22.     The FLSA and NYLL both require that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a single workweek.

23.     New York law permits employers to offset a portion of their minimum wage obligations through a tip credit, albeit a much lower amount. For instance, in 2022, Defendants are required to pay a state minimum wage of $13.20 per hour, and may assert a tip credit of $2.20 per hour, meaning that they must pay their tipped employees a direct cash wage of at least $11.00 per hour. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2; 1.3.

24.     However, where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the sub-minimum direct hourly wage payment.  The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

25.     New York law provides that "the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

26.     Under the FLSA, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed." 29 C.F.R. § 778.5.

27.     In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the mandatory New York minimum wage.  In other words, Defendants calculated the overtime rate by multiplying one and one-half times the sub-minimum direct cash wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay, and thus they were paid a lower rate for overtime hours that the amount required under New York law.

28.     For example, on her paycheck for the week of May 11, 2017 through May 18, 2017, Plaintiff worked 0.88 hours of overtime, and was paid for that time $11.3723 per hour. During that period, New York law provided that workers in her region were owed a minimum wage of $9.70 per hour, *see* 12 N.Y.C.C.R.R.§ 146-1.2(b)(iii), and employers were permitted to assert a tip credit of no more than $1.60 per hour. *See* 12 N.Y.C.C.R.R.§ 146-1.3. Thus, Defendants were required to pay Plaintiff at least $12.95 per hour for overtime, as one-and-a-half times the statutory minimum rate of $9.70 is $14.55, less the tip credit of $1.60, resulting in a total of $12.95.  Plaintiff was paid under this same pay structure for hours over 40 worked in both 2018 and 2019.

29.     Likewise, for the year of 2018, class and collective were paid a base rate of $7.85 per hour—less than the minimum wage that year, which was $10.40 per hour—with the remainder to be claimed as a tip credit. 12 N.Y.C.C.R.R. § 146-1.2 (b)(iii). But paid employees an overtime rate of $11.775; that is, one-and-a-half times their *direct cash wage*, not the minimum wage. Were said employees' overtime rates properly calculated, they would have been paid for their overtime work at a rate of at least $13.85 per hour ($10.40 x 1.5 = $15.60 – tip credit of $1.75 = $13.85).

30.     As a result of this miscalculation of their overtime rate, Defendants paid Plaintiff and other similarly situated tipped employees less than the proper overtime rate required under New York law and, as a result, under the FLSA.

**Hospitality Wage Order**
**Failure to Give Written Notice of Intent to Claim a Tip Credit**

31.     Under New York law, an employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. But it may do so only if it has complied with certain notice requirements. 12 N.Y.C.C.R.R. § 146-1.3

32.     More specifically, employers must provide written notice, in English and in any other language spoken by the employee as his or her primary language, "of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday", as well as the fact that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." 12 N.Y.C.C.R.R. § 146-2.2.

33.     This notice must be provided to employees both "[p]rior to the start of employment", as well as "prior to any change in the employee's hourly rates of pay." *Id.*

34.     Defendants employ Plaintiff and other similarly situated tipped employees by paying a sub-minimum direct cash wage but failed to provide them the notice items required under

New York law.  At al relevant times, Defendants employed Plaintiff at a sub-minimum wage.  For example, in 2017 and 2018, Plaintiff earned $7.50 per hour as a direct cash wage plus tips.  In 2019, Plaintiff earned $9.20 per hour as a direct wage plus tips.  Thus, at all relevant times, Plaintiff was paid a direct cash wage less than the applicable New York minimum wage and Defendants attempted to claim a tip credit toward their minimum wage obligations.

35.     Specifically, Plaintiff and other similarly situated tipped employees were not given written notice, in advance of Defendants' use of the tip credit, of: (1) the amount of tip credit to be taken from the basic minimum hourly rate; (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate; and (3) their correct overtime hourly pay rate. Defendants failed to provide employees with any of this basic information.

36.     As such, Defendants were not entitled to claim a tip credit, and are liable to Plaintiff and other similarly situated tipped employees for the difference between the base hourly wage paid and New York's minimum wage.

37.     Defendants' statutory violations and resultant failure to pay all minimum wages due and owing were willful in nature and not the product of a good faith mistake.

### New York Wage Theft Prevention Act
### Failure to Provide Required Wage Notices and Statements

38.     New York's WTPA requires employers provide each of their employees written notice of several wage-related items, including any allowances, if any, claimed as part of the minimum wage, including tip . . . allowances." N.Y. Lab. Law § 195(1-a).

39.     This notice must be provided "at the time of hiring", as well as seven days prior to any changes to the terms taking effect, unless "unless such changes are reflected on the wage statement furnished in accordance with subdivision three of [the law]", and the employer must retain the signed notice form for six years. *Id.*; *see also* N.Y. Lab. Law § 195(2). As alleged herein,

Defendants did not provide Plaintiff and other similarly situated employees with a compliant wage statement listing the amount of any tip allowances claimed.

40.     Plaintiff and other similarly situated tipped employees were not provided written notices from Defendants, at the time of their hiring or seven days prior to any changes taking effect, of the amount of any tip allowances claimed by Defendants. Instead, Defendants informed Plaintiff and similarly situated employees that the amount of their tip credit would "vary."  However, that defeats the point of the required notice.  Further, and as discussed below, in their wage statements, Defendants do not identify the amount of the tip credit at all, which is particularly egregious considering, in their WTPA notices, Defendants claim the amount of the tip credit varies.

41.     Because Plaintiff and other similarly situated tipped employees were not provided wage notice forms stating the amount of the tip allowance claimed by their employer, they are entitled to recover statutory penalties of fifty dollars per workday that the violations occurred and continued to occur, up to five thousand dollars per person. N.Y. Lab. Law § 198(1-b).

**New York Wage Theft Prevention Act**
**<u>Failure to Provide Required Wage Statements</u>**

42.     New York's WTPA also requires employers to "furnish each employee with a statement *with every payment of wages*, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; *allowances, if any, claimed as part of the minimum wage*; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar

requirement pursuant to article eight of this chapter; and net wages." N.Y. Lab. Law § 195(3) (emphasis added).

43.     Plaintiff and other similarly situated tipped employees were not furnished a wage statement with their paychecks listing the tip credit allowance claimed by Defendants as part of their minimum wage obligations. Instead, though their paystubs had a line-item listing for "Tip Allocation", which was always blank. The actual tip allowance claimed by Defendants was never stated.

44.     Because Plaintiff and other similarly situated tipped employees were not provided wage statements listing the amount of the tip allowance claimed by their employer, they are entitled to recover statutory penalties of two hundred fifty dollars per workday that the violations occurred and continued to occur, up to five thousand dollars per person. N.Y. Lab. Law § 198(1-d).

### Defendants Have No Viable Affirmative Defenses

45.     New York's WTPA—the law upon which Plaintiff's wage notice and wage statement claims (Counts IV and V) are based—provides an affirmative defense when "the employer made complete and timely payment of all wages due pursuant to this article" N.Y. Lab. Law § 198 (1-b, 1-d). However, Defendants did not make complete and timely payment of all wages due.  For example, Defendants miscalculated their employees' overtime rates, thereby causing them to be paid less than the amount required by law. As a result, Defendants cannot avail themselves to this affirmative defense.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

46.     Plaintiff re-alleges the allegations set forth above.

47.     Plaintiff brings Count I, the FLSA claim arising out of Defendants' regular rate miscalculation policy resulting in unpaid overtime wages, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

### FLSA Miscalculated Regular Rate Collective

All persons employed by Defendants and paid a direct cash wage of less than the applicable New York state minimum wage who worked more than 40 hours in any workweek during the relevant period.

The relevant period extends from the three-year period prior to the filing of this Class and Collective Action Complaint and extends forward to the present.  However, the parties separately agreed to toll the limitations for all putative collective members from July 15, 2020 until the date of mediation.  The first mediation in this case occurred on August 9, 2021 and a second mediation occurred on April 12, 2022.  Thus, the FLSA limitations period extends from July 29, 2017 to the present.  The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

48.     Plaintiff brings Count II, the NYLL claim arising out of Defendants' regular rate miscalculation policy resulting in unpaid overtime wages, as a class action under Federal Rule of Civil Procedure 23, on behalf of herself and the following class:

### New York Labor Law Miscalculated Regular Rate Class

All persons employed by Defendants and paid a direct cash wage of less than the applicable New York state minimum wage who worked more than 40 hours in any workweek during the relevant period.

At present, the relevant period includes the six-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein remains

subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

49.     Plaintiff brings Count III, the NYLL claim arising out of Defendants' failure to provide notice of the tip credit under the Hospitality Wage Order, as a class action under Federal Rule of Civil Procedure 23, on behalf of herself and the following class:

**Hospitality Wage Order Tip Credit Notice Class**

All persons employed by Defendants during the relevant period and paid a direct cash wage less than the applicable New York state minimum wage.

At present, the relevant period includes the six-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

50.     Plaintiff brings Count IV, the WTPA claim arising out of Defendants' unlawful failure to provide required written wage notices, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

**Wage Theft Prevention Act Wage Notice Class**

All persons employed by Defendants during the relevant period and paid a direct cash wage less than the applicable New York state minimum wage.

At present, the relevant period includes the six-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

51.     Plaintiff brings Count V, the New York Wage Theft Prevention Act claim arising out of Defendants' unlawful failure to provide compliant wage statements, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

### Wage Theft Prevention Act Wage Statement Class

All persons employed by Defendants during the relevant period and paid a direct cash wage less than the applicable New York state minimum wage.

At present, the relevant period includes the six-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present.  The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

52.     Plaintiff's New York state law claims (Counts II-V) described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

53.     The class numbers in the hundreds, if not thousands, of persons.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

54.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a.      Whether Defendants violated the NYLL when it calculated Plaintiff and class members' overtime pay as 1.5 times their sub-minimum direct cash wage for regular hours worked, instead of 1.5 times the regular minimum rate;

14

b.     Whether Defendants gave Plaintiff and class members advance notice of its use of a tip credit under the Hospitality Wage Order, and whether, as a result, said tip credit was legally valid;

c.     Whether Defendants' wage notice forms listed all required information, including but not limited to the amount of the tip allowance they were claiming;

d.     Whether Defendants' provided wage statements listing all required information, including but not limited to the amount of the tip allowance they were claiming.

55.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

56.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

57.     A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendants have acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

58.     Plaintiff is an adequate representative because she is a member of each of the classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.  As one federal district judge noted regarding Plaintiff's counsel, "Class Counsel is uniquely skilled and efficient in prosecuting casino wage and hour cases." Bartakovits v. Wind Creek Bethlehem, LLC Case No. 5:20-CV-01602, 2022 WL 702300, at *3 (E.D. Pa. Mar. 7, 2022).

59.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**ALLEGATIONS APPLICABLE TO THE FLSA CLAIM (COUNT I)**

60.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

61.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

62.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they operate an enterprise engaged in interstate commerce and its employees are engaged in commerce.

63.     During all relevant times to this action, Defendants acted jointly as the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

64.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

65.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

66.     Although the FLSA contains some exceptions (or exemptions) from the overtime requirements, none of those exceptions (or exemptions) applies here.

67.     Plaintiff and all similarly situated employees are victims of uniform and compensation policies.

68.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Class and Collective Action Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

69.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).   Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

70.     As a result of these violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees.   Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO THE NEW YORK
## STATE LAW CLAIMS (COUNTS II-V)

71.     At all times relevant, Plaintiff and all similarly situated employees have been entitled to the rights, protections, and benefits provided under the New York Labor Law and the New York Wage Theft Prevention Act.

72.     During all times relevant to this action, Defendants were the "employer" of Plaintiff and the class members within the meaning of New York law, or otherwise subject to its statutory provisions.  N.Y. Lab. Law § 190(3).

73.     During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of New York law. N.Y. Lab. Law § 190(2).

74.     Plaintiff and the class members are victims of uniform (and uniformly deficient) compensation and notice policies in violation of New York law.

75.     Plaintiff and the Class are entitled to recover all damages, costs, attorney fees, statutory penalties, liquidated damages, and other recoverable items provided pursuant to the New York Labor Law and Wage Theft Prevention Act.

**COUNT I - FLSA (Unpaid Overtime Wages)**
**Arising Out of Defendants' Regular Rate Miscalculation Policy**

76.     Plaintiff re-alleges the allegations set forth above.

77.     Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

78.     Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

79.     Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate."  29 C.F.R. § 531.60.

80.      Further, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed."  29 C.F.R. § 778.5.

81.     In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing state minimum wage.  In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct

wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

82.     Defendants' violation of the FLSA was "willful." 29 U.S.C. § 255.  New York law and the FLSA are clear that Defendants were obligated to pay Plaintiff and similarly situated employees overtime at a rate of 1.5 times the lawful New York wage rate, which expressly includes the amount of the tip credit.  Defendants have no basis to pay at a lower rate than what is codified as part of New York law.  Defendants possess no reasonable or good faith basis for this willful violation of New York and federal law.

WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and prays this Court:

      a.      Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

      b.      Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

      c.      Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

      d.      Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

      e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

      f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II – New York Labor Law (Unpaid Overtime Wages)**
**Arising Out of Defendants' Regular Rate Miscalculation Policy**

83.     Plaintiff re-alleges the allegations set forth above.

84.     Defendants violated the New York Labor Law by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

85.     Specifically, New York law provides that "the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half." 12 N.Y.C.C.R.R. § 146-1.4.

86.     In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing state minimum wage.  In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct cash wage being earned.  As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the New York Labor Law.

WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and prays this Court:

a.      Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

b.      Award Plaintiff and the Class damages for the amount of unpaid wages due;

c.      Award Plaintiff and the Class liquidated damages under N.Y. Lab. Law § 198(1-a);

d.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided under N.Y. Lab. Law § 198(1-a);

e.      Award Plaintiff and the Class attorneys' fees and costs as allowed under

N.Y. Lab. Law § 198(1-a); and

f.      Award Plaintiff and the Class such other relief as the Court deems fair and

equitable.

**<u>COUNT III – New York Labor Law (Unpaid Minimum Wages)</u>**
**Arising Out of Defendants' Failure to Comply with the Hospitality Wage Order's**
**Tip Credit Notice Requirements**

87.     Plaintiff re-alleges the allegations set forth above.

88.     Under New York law, an employer may claim a tip allowance only if it has

complied with certain notice requirements. 12 N.Y.C.C.R.R. § 146-1.3

89.     Plaintiff and all other similarly situated employees work for Defendants as part of

the hospitality industry.  Defendants' business at Rivers Casino is to host guests and patrons in its

restaurants, hotel, and casino, which operate as one integrated company under Capital Region

Gaming, LLC.  Plaintiff and all other similarly situated sub-minimum wage employees work as

servers, bartenders, dealers, and other sub-minimum wage jobs in Defendants' restaurants, hotel,

and casino at Rivers Casino.  The rights and protections of the Hospitality Wage Order, 12

N.Y.C.C.R.R. § 146-1.3, *et seq*., apply to these workers.

90.     These notice provisions require that employers provide written notice, in English

and in any other language spoken by the employee as his or her primary language, "of the

employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be

taken from the basic minimum hourly rate, and the regular payday", as well as the fact that "extra

pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."

12 N.Y.C.C.R.R. § 146-2.2.

91.     This notice must be provided to employees both "[p]rior to the start of employment", as well as "prior to any change in the employee's hourly rates of pay." *Id.*

92.     Defendants pay and have paid Plaintiff and other similarly situated tipped employees a direct cash wage below the applicable New York minimum wage, with the remainder of the minimum wage rate claimed as a "tip allowance" to be made up by tips received from casino patrons.

93.     Plaintiff and other similarly situated tipped employees were not given written notice, in advance of Defendants' use of the tip credit, of: (1) the amount of tip credit to be taken from the basic minimum hourly rate; (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate; and (3) their correct overtime hourly pay rate. Instead, the only tip credit notice forms provided by Defendants to Plaintiff and similarly situated tipped employees simply said that the hourly tip allowance claimed would vary and did not state that extra pay would be required if tips were insufficient to bring employees up to the basic minimum hourly rate. For their overtime rate, said forms listed a miscalculated rate below the rate required by law, as alleged in Counts I and II.

94.     As such, Defendants were not entitled to claim a tip allowance, and are liable to Plaintiff and other similarly situated tipped employees for the difference between the base hourly wage paid and New York's minimum wage.

WHEREFORE, on Count III of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and prays this Court:

        a.     Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23

        b.     Award Plaintiff and the Class damages for the amount of unpaid wages due;

c.      Award Plaintiff and the Class liquidated damages under N.Y. Lab. Law §
198(1-a);

d.      Award Plaintiff and the Class pre-judgment and post-judgment interest as
provided under N.Y. Lab. Law § 198(1-a);

e.      Award Plaintiff and the Class attorneys' fees and costs as allowed under
N.Y. Lab. Law § 198(1-a); and

f.      Award Plaintiff and the Class such other relief as the Court deems fair and
equitable.

### COUNT IV – New York Wage Theft Prevention Act
**Arising Out of Defendants' Failure to Provide Required Wage Notices**

95.      Plaintiff re-alleges the allegations set forth above.

96.      New York's Wage Theft Prevention Act requires employers provide each of their
employees written notice of several wage-related items, including any allowances, if any, claimed
as part of the minimum wage, including tip . . . allowances." N.Y. Lab. Law § 195(1-a).

97.      This notice must be provided "at the time of hiring", as well as seven days prior to
any changes to the terms taking effect, unless "unless such changes are reflected on the wage
statement furnished in accordance with subdivision three of [the law]", and the employer must
retain the signed notice form for six years. *Id.*; *see also* N.Y. Lab. Law § 195(2).

98.      Defendants did not provide Plaintiff and other similarly situated employees with a
compliant wage notice listing the amount of any tip allowances claimed.

99.      Plaintiff and other similarly situated tipped employees were not provided written
notices from Defendants, at the time of their hiring or seven days prior to any changes taking effect,
of the amount of any tip allowances claimed by Defendants.

100.     Instead, the only tip credit notice forms provided by Defendants to Plaintiff and similarly situated tipped employees simply said that the hourly tip allowance claimed would vary.

101.     Because Plaintiff and other similarly situated tipped employees were not provided written wage notices stating the amount of the tip allowance claimed by their employer, they are entitled to recover statutory penalties.

102.     As explained within, Defendants did not make complete and timely payment of all wages due under New York law to Plaintiff and other similarly situated employees, as they miscalculated said employees' regular rate when computing overtime, and as a result, failed to properly pay said employees for overtime work performed.

WHEREFORE, on Count IV of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and prays this Court:

<blockquote>

a.      Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

b.      Award Plaintiff and the Class statutory damages and penalties as provided under N.Y. Lab. Law § 198(1-b);

c.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided under N.Y. Lab. Law § 198(1-a);

d.      Award Plaintiff and the Class attorneys' fees and costs as allowed under N.Y. Lab. Law § 198(1-b); and

e.      Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

</blockquote>

**COUNT V – New York Wage Theft Prevention Act**
**Arising Out of Defendants' Failure to Provide Required Wage Statements**

103.     Plaintiff re-alleges the allegations set forth above.

104.    New York's Wage Theft Prevention Act also requires employers to furnish each employee with a statement with every payment of wages, a statement listing any allowances, including any tip allowance claimed as part of the minimum wage. N.Y. Lab. Law § 195(3).

105.    Plaintiff and other similarly situated tipped employees were not furnished a wage statement with their paychecks listing the tip credit allowance claimed by Defendants as part of their minimum wage obligations. Instead, though their paystubs had a line-item listing for "Tip Allocation", the tip credit amount was blank. The actual tip allowance claimed by Defendants was never stated.

106.    Because Plaintiff and other similarly situated tipped employees were not provided wage statements listing the amount of the tip allowance claimed by their employer, they are entitled to recover statutory penalties.

107.    Defendants did not make complete and timely payment of all wages due under New York law to Plaintiff and other similarly situated employees, as they miscalculated said employees' regular rate when computing overtime, and as a result, failed to properly pay said employees for overtime work performed.

WHEREFORE, on Count V of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and prays this Court:

        a.      Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

        b.      Award Plaintiff and the Class statutory damages and penalties as provided under N.Y. Lab. Law § 198(1-d);

        c.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided under N.Y. Lab. Law § 198(1-a);

d.     Award Plaintiff and the Class attorneys' fees and costs as allowed under

N.Y. Lab. Law § 198(1-d); and

e.     Award Plaintiff and the Class such other relief as the Court deems fair and

equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all

issues so triable.

Dated:  April 26, 2022                          Respectfully submitted,

                                                **GETMAN, SWEENEY & DUNN PLLC**
                                                */s/ Matt Dunn*
                                                Matt Dunn, Bar Roll No. 513505
                                                260 Fair Street
                                                Kingston, NY 12401
                                                Telephone:     (845) 255-9370
                                                Facsimile:     (845) 255-8649
                                                mdunn@getmansweeney.com

                                                **STUEVE SIEGEL HANSON LLP**
                                                George A. Hanson, *pro hac vice forthcoming*
                                                Alexander T. Ricke, *pro hac vice forthcoming*
                                                Caleb J. Wagner, *pro hac vice forthcoming*
                                                460 Nichols Road, Suite 200
                                                Kansas City, Missouri 64112
                                                Telephone:     (816) 714-7100
                                                Facsimile:     (816) 714-7101
                                                hanson@stuevesiegel.com
                                                ricke@stuevesiegel.com
                                                wagner@stuevesiegel.com

                                                **McCLELLAND LAW FIRM**
                                                *A Professional Corporation*
                                                Ryan L. McClelland, *pro hac vice forthcoming*
                                                Michael J. Rahmberg, *pro hac vice forthcoming*
                                                The Flagship Building
                                                200 Westwoods Drive
                                                Liberty, Missouri  64068-1170
                                                Telephone:     (816) 781-0002
                                                Facsimile:     (816) 781-1984
                                                ryan@mcclellandlawfirm.com
                                                mrahmberg@mcclellandlawfirm.com

                                                **ATTORNEYS FOR PLAINTIFF**