*UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENDRA BROWN, individually, and
on behalf of all others similarly situated,

            Plaintiff,

          -v-                   1:22-CV-392

RUSH STREET GAMING, LLC, and
CAPITAL REGION GAMING, LLC,
doing business as Rivers Casino &
Resort Schenectady,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

On April 26, 2022, named plaintiff Kendra Brown ("Brown" or the "named plaintiff") filed this putative class action against defendants Rush Street Gaming, LLC and Capital Region Gaming, LLC (collectively "defendants") alleging that they violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in connection with their joint operation of the Rivers Casino in Schenectady, New York.  Dkt. No. 1.  The parties notified the Court that they had reached on settlement on June 10, 2022.  Dkt. No. 25.

On August 24, 2022, Brown moved under Federal Rule of Civil Procedure ("Rule") 23(e) for preliminary approval of the proposed class action settlement and for an order directing notice of the settlement to the proposed class members. Dkt. No. 32. The motion is unopposed. *See id*.

Upon consideration of Brown's memorandum of law and supporting exhibits, and after reviewing of the parties' Settlement Agreement and the attached Notice materials, it is

ORDERED that

1. Brown's unopposed motion for preliminary approval of the class action settlement is GRANTED;

2. The Court FINDS, on a preliminary basis, that the settlement memorialized in the parties' Settlement Agreement and filed with the Court (Dkt. No. 33) falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e);

3. Preliminary approval of the Settlement Agreement is GRANTED;

4. For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> all non-exempt, hourly, tipped employees at Rivers Casino earning a direct cash wage of less than the applicable New York state minimum wage between February 8, 2017 and April 12, 2022.

5. For settlement purposes only, named plaintiff Kendra Brown is APPOINTED as the Class Representative of the Settlement Class;

6. For settlement purposes only, the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Getman, Sweeney & Dunn PLLC are APPOINTED as Class Counsel for the purposes of Settlement;

7. The parties are AUTHORIZED to select a qualified third-party settlement administrator to perform the duties of the Settlement Administrator in accordance with the terms of the Settlement Agreement;

8. The proposed Notice of Settlement as set forth in the Settlement Agreement is hereby FOUND and DETERMINED to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed class settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of FED. R. CIV. P. 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws;

9. It is further FOUND and DETERMINED that the Notice of Settlement is accurate, objective, and informative, and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness;

10. The Settlement Administrator is AUTHORIZED to mail the Notice of Settlement to the Class Employees as provided in the Settlement Agreement;

11. Class Employees who wish to opt out of the Settlement must SUBMIT their written request to opt out NO LATER THAN:

   (a) forty-five (45) days from the date the Settlement Administrator first mails the Notice of Settlement to Class Employees, or

   (b) thirty (30) days from the date the Settlement Administrator mails the Notice of Settlement to a Class Employee's additional address,

whichever date is later, provided that under no circumstances will any Class Employee be permitted to opt out more than seventy-five (75) days from date the Settlement Administrator first mails the Notice of Settlement to Class Employees;

12. Any written objection to the Settlement must be SUBMITTED to the Settlement Administrator no later than forty-five (45) days after the Notices of Settlement are mailed to the Class Employees;

13. Pending a decision on final approval of the settlement, this matter is STAYED other than as set out in this Order;

14. The named plaintiff and defendants are ORDERED to carry out and effect the settlement according to the terms of the Settlement Agreement;

15. The Court will conduct a Final Approval Hearing on January 19, 2023 at 1 p.m. in Utica, New York to determine the overall fairness of the

- 5 -

settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payment to the named plaintiff;

16. The Final Approval Hearing may be continued without further notice to Class Members; and

17. The named plaintiff shall file her motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the named plaintiff's Service Payment on or before February 16, 2023.

IT IS SO ORDERED.

Dated:  September 22, 2022
        Utica, New York.

_____
David N. Hurd
U.S. District Judge