UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENDRA BROWN, individually, and
on behalf of all others similarly situated,

     Plaintiff,

    -v-       1:22-CV-392

RUSH STREET GAMING, LLC, and
CAPITAL REGION GAMING, LLC,
doing business as Rivers Casino &
Resort Schenectady,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On April 26, 2022, named plaintiff Kendra Brown ("Brown" or the "named plaintiff") filed this putative class action against defendants Rush Street Gaming, LLC and Capital Region Gaming, LLC (collectively "defendants") alleging they violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in connection with their operation of the Rivers Casino in Schenectady, New York.  Dkt. No. 1.  The parties notified the Court that they had reached on settlement on June 10, 2022.  Dkt. No. 25.

On August 24, 2022, Brown moved under Federal Rule of Civil Procedure ("Rule") 23(e) for preliminary approval of the proposed class action settlement and for an order directing notice of the settlement to the proposed class members. Dkt. No. 32. The motion was unopposed. *See id*.

On September 22, 2022, Brown's motion for preliminary approval of the class action settlement was granted. Dkt. No. 34. The Court certified the following Settlement Class pursuant to the parties' Settlement Agreement and Fed. R. Civ. P. 32:

> all non-exempt, hourly, tipped employees at Rivers Casino earning a direct cash wage of less than the applicable New York state minimum wage between February 8, 2017 and April 12, 2022.

Dkt. No. 34. The Court appointed named plaintiff as Class Representative, appointed the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Getman, Sweeney & Dunn PLLC as Class Counsel, authorized the parties to select a settlement administrator, directed distribution of the Notice of Settlement, and otherwise ordered the parties to carry out the terms of the Settlement Agreement. *Id*.

Thereafter, the parties selected a third-party settlement administrator and the Notice of Settlement was distributed to the Settlement Class. Brown has since moved under Rule 23(e)(2) for final approval of the class action

settlement. Dkt. No. 36. Named plaintiff also moved for attorney's fees and expenses and a service award. Dkt. No. 35. Those motions are unopposed.

Upon consideration of Brown's memoranda of law and supporting exhibits, review of other materials submitted by the parties including the Settlement Agreement, and with no objections being noted on the record after calling the case in open court as part of the Final Approval Hearing conducted on this date in Utica, New York, it is

ORDERED that

1. Brown's motion for final approval of the class action settlement (Dkt. No. 36) is GRANTED;

2. Brown's motion for attorney's fees and expenses and a service award (Dkt. No. 35) is GRANTED;

3. The Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified on September 22, 2022;

4. The Settlement Class satisfies[1] the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this litigation only;

5. The Court confirms the appointments of:

---

[1] In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

(a) Named Plaintiff Kendra Brown as Class Representative of the Settlement Class, and

(b) the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., and Getman, Sweeney & Dunn PLLC, as Class Counsel;

6. The Notice of Settlement sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing;

7. The Notice of Settlement adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel;

8. The Notice of Settlement provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B);

9. Pursuant to Fed. R. Civ. P. 23(e)(2), the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members;

10. The Court finds that:

(a) the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement;

(b) the Maximum Settlement Amount of $5,500,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class;

(c) the Settlement was reached pursuant to arm's-length negotiations between the parties overseen by a mediator;

(d) the support for the Settlement expressed by Class Counsel and counsel for Settling Entities, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement;

(e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and

(f) the parties had sufficient information such that the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation;

11. The Court finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2);

12. The Court finds that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a bona fide dispute;

13. The Settlement Administration Costs of $20,622 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement;

14. The Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiff from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement;

15. Class Counsel is awarded one-third of the settlement fund ($1,833,150) for attorneys' fees and $33,542.59 for costs and expenses and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement;

16. Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement;

17. Any Class Member who did not timely request exclusion from the Settlement Agreement is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released State Claims;

18. Any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges the Released Federal Claims upon such negotiation of his or her Settlement Check;

19. As identified by the Settlement Administrator in Exhibit B to the Declaration of Richard W. Simmons filed in support of Plaintiff's Motion for Final Approval of the Class Action Settlement (Dkt. No. 36-4), the Court

finds that one individual, Tammy L. McKinney, has timely requested exclusion from the Settlement Class.  As a result, Tammy L. McKinney is:

(a) excluded from the Settlement Class previously certified;

(b) is not bound by the terms of the Settlement Agreement;

(c) does not release or discharge the Released Class Claims; and

(d) is not entitled to participate in the Settlement;

20.  The notices to government officials of this settlement have been transmitted as required under the Class Action Fairness Act;

21.  Final approval of the Settlement is GRANTED; and

22.  This matter is DISMISSED WITH PREJUDICE, without costs to any of the parties except as provided in the Settlement Agreement.

The Clerk is directed to enter judgment accordingly, terminate the pending motions, and close the file

IT IS SO ORDERED.

Dated:  January 19, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge