# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### JUDGMENT IN A CIVIL CASE

Kendra Brown, individually,
and on behalf of all others
similarly situated,

        Plaintiff,

    vs.                       **CASE NUMBER: 1:22-CV-0392 (DNH/DJS)**

Rush Street Gaming, LLC
and Capital Region Gaming, LLC
d/b/a Rivers Casino & Resort Schenectady,

      Defendants.

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED:  that Brown's motion for final approval of the class action settlement (Dkt. No. 36) is GRANTED; that Brown's motion for attorney's fees and expenses and a service award (Dkt. No. 35) is GRANTED; that the Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified on September 22, 2022; that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this litigation only; that the Court confirms the appointments of: (a) Named Plaintiff Kendra Brown as Class Representative of the Settlement Class, and  (b) the law firms of Stueve Siegel Hanson LLP, McClelland Law Firm P. C., and Getman, Sweeney & Dunn PLLC, as Class Counsel; that the Notice of  Settlement sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing; that the Notice of Settlement adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel; that the Notice of Settlement provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B); that pursuant to Fed. R. Civ. P. 23(e)(2), the settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members; that the Court finds that: (a)   the strength of the Class Representative's and Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of $5,500,000 as set forth in the Settlement

Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties overseen by a mediator; (d) the support for the Settlement expressed by Class Counsel and counsel for Settling Entities, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement;  (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and  (f) the parties had sufficient information such that the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation; that the Court finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2); that the Court finds that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a bona fide dispute; that the Settlement Administration Costs of $20,622 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement; that the Service Payment, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to Named Plaintiff from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement; that Class Counsel is awarded one-third of the settlement fund

($1,833,150) for attorneys' fees and $33,542.59 for costs and expenses and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement; that Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement; that any Class Member who did not timely request exclusion from the Settlement Agreement is bound by the terms of the Settlement Agreement, and fully releases and discharges the Released State Claims; that any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges the Released Federal Claims upon such negotiation of his or her Settlement Check; that as identified by the Settlement Administrator in Exhibit B to the Declaration of Richard W. Simmons filed in support of Plaintiff's Motion for Final Approval of the Class Action Settlement (Dkt. No. 36-4), the Court finds that one individual, Tammy L. McKinney, has timely requested exclusion from the Settlement Class.  As a result, Tammy L. McKinney is: (a) excluded from the Settlement Class previously certified; (b) is not bound by the terms of the Settlement Agreement; (c) does not release or discharge the Released Class Claims; and (d) is not entitled to participate in the Settlement; that the notices to government officials of this settlement have been transmitted as required under the Class Action Fairness Act;  that Final approval of the Settlement is Granted; and that this matter is DISMISSED WITH PREJUDICE, without costs to any of the parties except as provided in the Settlement Agreement; and that the Clerk is directed to enter judgment accordingly, terminate the pending motions, and close the file.

All of the above pursuant to the order of the Honorable U.S. District Court Judge David N. Hurd, dated the 19th day of January, 2023.

DATED: January 19, 2023

Clerk of Court

s/ Helen M. Reese
Helen M. Reese
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf—including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.